WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorneys appearing:   Alan Nisselson (anisselson@windelsmarx.com)
                      Leslie S. Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MEDICI 326 GRAND LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10073-jlg |
| In re<br><br>MEDICI 1150 N. AMERICAN STREET LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10074-jlg |
| In re<br><br>MEDICI 171 N. ABERDEEN LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10075-jlg |
| In re<br><br>MEDICI 186 N. 6TH LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10076-jlg |
| In re<br><br>MEDICI 251 DEKALB LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10077-jlg |
| In re<br><br>MEDICI 320 FLORIDA LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10078-jlg |
| In re<br><br>MEDICI 629 E. 5TH LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10079-jlg |

{11888251:1}

| | |
|---|---|
| In re<br><br>MEDICI 890-911 JEFFERSON AVENUE LLC,<br><br>                               Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10080-jlg |
| In re<br><br>QUARTERS PROPERTIES USA, INC.,<br><br>                               Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10081-jlg |
| In re<br><br>QUARTERS SERVICES USA, LLC,<br><br>                               Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10082-jlg |

**MOTION OF TRUSTEE FOR ORDER SHORTENING TIME FOR HEARING TO
CONSIDER TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 305(a),
AND 707(a) TO DISMISS DEBTORS' BANKRUPTCY CASES FOR CAUSE**

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson ("***Trustee***"), interim trustee for the above-captioned related chapter 7 Debtors, by his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully submits this motion for the entry of an Order shortening time to consider the Trustee's motion to dismiss the Debtors' captioned chapter 7 bankruptcy cases for cause (the "***Motion to Dismiss***").[1]  In support of this motion, the Trustee has filed his supporting Declaration, and respectfully represents the following.

## I.    Shortened Notice.

1.     The Trustee is seeking an Order scheduling a hearing on shortened notice rather than moving by ordinary notice of motion because the Trustee believes that these cases must be dismissed as soon as possible.  As noted in the Trustee's supporting Declaration, any delay will only harm the landlords, tenants, service providers, creditors, and the Debtors.

---

[1] These ten related cases were filed on January 15, 2021, but are not jointly administered.  Accordingly, the Trustee is filing this Motion in each case.

2. Bankruptcy Rule 2002(a)(4) requires at least 21 days' notice of a hearing to consider a motion to dismiss a chapter 7 liquidation case. FED. R. BANKR. P. 2002(a)(4).

3. Bankruptcy Rule 9006(c)(1) also permits a court to reduce the time required for notice "for cause shown". FED. R. BANKR. P. 9006(c)(1). Bankruptcy Rule 9006(c)(2) lists particular situations in which a reduction of time is not permitted, but dismissal under Bankruptcy Rule 2002(a)(4) is not among those prohibited situations. Accordingly, the Court, in its discretion, may shorten the time required for notice of the Motion to Dismiss.

4. As more fully set forth in the Trustee's Declaration, these cases are untenable and cannot be administered in their present situation. Cause exists in these cases for the Court to hear the Motion to Dismiss on shortened notice. Accordingly, the Trustee respectfully requests that the Court approve and enter the proposed Order Scheduling Hearing attached to the Trustee's Declaration as Exhibit "A". The Trustee respectfully requests that the Court schedule a hearing to consider the Motion to Dismiss by no later than the week of February 1, 2021.

5. Bankruptcy Rule 2002(a) requires that notice of motions to dismiss be given to "the debtor, the trustee, all creditors and indenture trustees . . . ." FED. R. BANKR. P. 2002(a).

6. The Trustee proposes to comply with Bankruptcy Rule 2002 by serving the Motion to Dismiss, the Trustee's Declaration with all exhibits, and the Order Scheduling Hearing on: (a) K&L Gates, LLP, counsel to the Debtor; (b) all parties or their counsel who contacted the Trustee about these cases; (c) all creditors listed by the Debtors with their bankruptcy petitions and any entities having filed proofs of claim; (d) the Office of the United States Trustee for the Southern District of New York; and (e) all entities that have requested notice in these chapter 7 cases under Bankruptcy Rule 2002. Notice will be provided by one or two day overnight delivery, by

ECF, or, if available, electronic mail. As such, the Trustee respectfully requests that this Court enter the Order Scheduling Hearing shortening the notice required for the Motion to Dismiss.

7. Pursuant to Local Rule 9077-1(a), the Trustee's Declaration in support of his request for a hearing on shortened notice is attached as **Exhibit "1"**.

8. In addition, the Trustee respectfully requests that the Court approve the provisions of the Order Scheduling Hearing requiring that, to be considered, objections to the Motion must be in writing, filed with the Court and served so as to be received no later than one day before the hearing by: (a) counsel for the Trustee, Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019, Attn: Alan Nisselson, Esq. (anisselson@windelsmarx.com), and Leslie S. Barr, Esq. (lbarr@windelsmarx.com), and (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes, Esq. (greg.zipes@usdoj.gov).

9. The Trustee submits that the notice of the Motion to Dismiss and Hearing as provided for herein complies fully with Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1, and constitutes good and adequate notice of the Motion to Dismiss and any related proceedings. Therefore, the Trustee respectfully requests that this Court approve the notice procedures proposed above.

## II. No Prior Request; Conclusion.

10. No prior request for the relief sought in this motion has been made to this or any other Court. For the reasons stated above, the Trustee respectfully requests that the Court enter an Order Scheduling Hearing shortening the time to consider the Trustee's Motion to Dismiss for a date not later than the week of February 1, 2021.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the proposed Order Scheduling Hearing and grant such other and further relief as is just.

Dated: New York, New York  
       January 23, 2021

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, chapter 7 Trustee*

By:   */s/ Leslie S. Barr*  
      Alan Nisselson (anisselson@windelsmarx.com)  
      Leslie S. Barr (lbarr@windelsmarx.com)  
      156 West 56th Street  
      New York, New York 10019  
      Tel: (212) 237-1000 / Facsimile: (212) 262-1215