**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MEDICI 326 GRAND LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10073-jlg |
| In re<br><br>MEDICI 1150 N. AMERICAN STREET LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10074-jlg |
| In re<br><br>MEDICI 171 N. ABERDEEN LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10075-jlg |
| In re<br><br>MEDICI 186 N. 6TH LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10076-jlg |
| In re<br><br>MEDICI 251 DEKALB LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10077-jlg |
| In re<br><br>MEDICI 320 FLORIDA LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10078-jlg |
| In re<br><br>MEDICI 629 E. 5TH LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10079-jlg |
| In re<br><br>MEDICI 890-911 JEFFERSON AVENUE LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 21-10080-jlg |

{11887775:2}

| | |
|---|---|
| In re<br><br>QUARTERS PROPERTIES USA, INC.,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10081-jlg |
| In re<br><br>QUARTERS SERVICES USA, LLC,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-10082-jlg |

**DECLARATION OF ALAN NISSELSON IN SUPPORT OF (A) MOTION OF TRUSTEE
FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 707(a) DISMISSING
DEBTORS' BANKRUPTCY CASES FOR CAUSE, AND (B) PURSUANT TO LOCAL
BANKRUPTCY RULE 9077-1(a) IN SUPPORT OF ORDER SCHEDULING HEARING
ON SHORTENED NOTICE FOR TRUSTEE'S MOTION**

Alan Nisselson declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1.　　　I am the duly appointed interim trustee for the above-captioned related chapter 7 Debtors, am an attorney admitted to practice before this Court, and a member of the firm Windels Marx Lane & Mittendorf, LLP.

2.　　　I make this Declaration upon personal knowledge of the facts of these cases known to me, and in support of my Motion to dismiss these cases, and pursuant to Local Bankruptcy Rule 9077-1(a) in support of the entry of the proposed Order Scheduling Hearing attached as **Exhibit "A"** scheduling a hearing to consider the Motion on shortened notice by no later than the week of February 1, 2021.

**Facts Supporting the Motion to Dismiss Debtors' Chapter 7 Cases**

3.　　　These Debtors filed their chapter 7 cases on January 15, 2021.  Since my appointment as interim Trustee, my firm and I have communicated with Debtors' counsel by email and phone, and have learned that these cases cannot be administered in their present posture and should not have been filed.

4.      The Debtors were in the business of leasing primarily residential real properties (apartments) all over the country,[1] and subleasing them to individuals, some of them students. Debtors' counsel informed us that the Debtors did not make a profit before the Covid-19 pandemic, and their finances deteriorated badly thereafter.

5.      Apparently, the Debtors ceased operations without notice to its tenants present and future, landlords, and service providers.  Tenants require services that cannot be provided by the Debtors, and there may be no one else to provide those services.  Service providers who were providing services to tenants are no longer being paid.  There is no money to pay Landlords going forward for any rent accruing postpetition.

6.      Since my appointment, I have received and am continuing to receive numerous calls and emails from desperate tenants, who are either moving out and are demanding the return of their security deposits, or moving in and demanding keys and access.  Copies of such representative emails are attached as **Exhibit "B"**.

7.      Landlords are also calling and writing to demand lease payments, some of them for hundreds of thousands of dollars per month.  Copies of such representative emails are attached as **Exhibit "C"**.

8.      In addition, service providers to the Debtors apparently have been unpaid and are writing and calling for money due them as well.  Copies of such representative emails are attached as **Exhibit "D"**.

9.      I have been told that there is less than $17,000 of cash available to administer these estates.  Essentially, there are insufficient funds to pay the landlords, service providers, administrative expenses, and creditors.

---

[1] Debtors' counsel advised that the Debtors have leased property in Manhattan, Brooklyn, Philadelphia, Chicago, and Washington D.C.

10. Neither is there any information available to respond to any tenants. I have not received sufficient information about the security deposits, the amounts owed to any of the parties making security deposits, or the status of any demands for the return of the security deposits. The Debtors have not filed schedules of assets and liabilities. And while the Debtor has belatedly provided certain documents to me, it is unclear whether I have all of the documents necessary to administer these cases. In addition, I have not received any security deposits or keys to any of the premises. Morever, I do not have the resources or expertise to operate the Debtors' business.

11. Furthermore, Debtors' counsel stated that all of the records and documents are kept on the computer servers of the parent companies, which are located in Germany, and which are in German liquidation proceedings. The Trustee has no information about those proceedings either.

12. Due to these dire circumstances, these Debtors do not belong in a chapter 7 bankruptcy. Dismissal will serve the best interests of all parties because the automatic stay will be terminated, which will permit the Debtors to return security deposits and keys, and allow the landlords to pursue their rights under their respective leases and subleases. There are insufficient resources to administer these cases. No purpose is served by sustaining bankruptcy cases that prevent people from living their lives, while the Debtors accrue enormous administrative debt without any hope of payment. These cases should be dismissed immediately.

**Request for Hearing on Shortened Notice**

13. Bankruptcy Rule 2002(a)(4) requires that the Trustee give no less than 21 days' notice of a hearing to consider a motion to dismiss a chapter 7 liquidation case. It is respectfully submitted, however, that cause exists for the Court to exercise its discretion under Bankruptcy Rules 9006(c) and 9007 to shorten notice of the hearing.

14.     Bankruptcy Code § 102(1)(A) defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." Bankruptcy Rule 9006(c) states that the court for cause shown may in its discretion with or without motion or notice order the period reduced. Bankruptcy Rule 9007 provides that when notice is to be given under the Bankruptcy Rules, the court shall designate, if not otherwise specified therein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

15.     Although not specifically defined, it is respectfully submitted that cause exists under Bankruptcy Rules 9006(c) and 9007 to reduce the notice period to schedule the hearing and to consider approval of the Order Scheduling Hearing. The Trustee simply cannot respond to the innumerable requests and demands of the parties to the leases and subleases, who require immediate attention. Every day increases the administrative debt without any hope that it or creditors can be paid. The Debtors, creditors, and parties in interest will be able to work out their rights outside of bankruptcy, either among themselves or under state law. Delay will only increase the harm being suffered by landlords, tenants, and creditors, which supports scheduling the hearing on less than 21 days' notice.

16.     As my counsel and I were drafting the Motion, this Declaration, and supporting documents, we began to belatedly receive some of the information requested from Debtors' counsel. The fact of the matter is, it fails to address the fundamental flaw in the filing of these cases. The Debtors filed these cases, who were losing money on an ongoing basis, with tenants in place who require services, and service providers and landlords who could not be paid for such services or be paid rent post bankruptcy. There are little or no funds to deal with these items. In addition, in order to cease Debtors' operations, the Trustee would have to seek Bankruptcy Court authority to operate under Bankruptcy Code § 721 without any ability to

assure the Court or creditors of the estates and parties in interest that the ongoing expenses required to wind down the Debtors' affairs in an orderly fashion could be paid. Furthermore, such wind down without sufficient resources would expose me as Trustee, and perhaps the professionals engaged by the Trustee, to liability. *See* 28 U.S.C. §§ 959 and 960.

17.    As stated in the Motion, the estates are continuing to be prejudiced by the accrual of administrative debt and legal obligations absent this relief. Accordingly, I respectfully request that the Court enter the proposed Order Scheduling Hearing, and schedule a hearing on the Motion to Dismiss on shortened notice for a date not later than the week of February 1, 2021.

18.    No prior request for this relief has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that the Court enter the proposed Order Scheduling Hearing for a date not later than the week of February 1, 2021, and grant the Motion to Dismiss and such other and further relief as is just.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd day of January, 2021.

/s/ Alan Nisselson
Alan Nisselson

**Exhibits**

Exhibit A                          Proposed Order Scheduling Hearing

Exhibit B                          Tenant emails

Exhibit C                          Landlord emails

Exhibit D                          Service provider Emails